IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLASSIC AMERICANA, LLC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-01419-S-BN |
| | § | |
| KEVIN ADELL, RALPH LAMETI, | § | |
| STN.COM, INC., AND KEVIN | § | |
| ADELL/STN.COM, INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Classic Americana, LLC brings this action alleging state law claims for fraud, breach of fiduciary duty, fraudulent transfer, and civil conspiracy against Defendants Kevin Adell, Ralph Lameti, STN.com, and Kevin Adell/STN.com, Inc. *See* Dkt. No. 33. Classic Americana asserts that jurisdiction is proper in federal court based on the court's diversity jurisdiction because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See id.* at 1.

But Classic Americana has not adequately pled the parties' citizenship such that the Court can reasonably infer that complete diversity of citizenship exists.

Classic Americana alleges that it is a Texas limited liability company. *See id.* at 1. It further alleges that Adell and Lameti are residents of Michigan. *See id.* Classic Americana alleges that STN.com is a dissolved Michigan corporation and it does not provide any information about the citizenship of Kevin Adell/STN.com, Inc. *See id.*

Federal courts have an independent duty to examine their own subject matter jurisdiction, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999), particularly where—as is the case here—a plaintiff's complaint fails to make it apparent that subject matter jurisdiction exists.

The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because Classic Americana chose to file its lawsuit in federal court, it has the burden to establish federal jurisdiction. *See Butler v. Dallas Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per curiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))). And if Classic Americana does not carry that burden, this lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b).

"For diversity purposes, state citizenship is synonymous with domicile. A change in domicile requires: '(1) physical presence at the new location and (2) an intention to remain there indefinitely.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F.

App'x 401, 403 (5th Cir. 2013) (per curiam) (citing *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996); quoting *id.* at 250); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.... Domicile requires the demonstration of two factors: residence and the intention to remain." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954))).

"The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos*, 516 F. App'x at 403 (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)). And the United States Court of Appeals for the Fifth Circuit "has stated that a 'failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Dos Santos,* 516 F. App'x at 403 (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991));

Here, Classic America merely asserts Adell and Lameti's residence, not their citizenship. *See* Dkt. No. 33 at 1.

As the Fifth Circuit Court of Appeals has held:

> The difference between citizenship and residency is a frequent source of confusion. For individuals, "citizenship has the same meaning as domicile," and "the place of residence is prima facie the domicile." *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). Nevertheless, "[c]itizenship and residence, as often declared by this court, are not synonymous terms." *Robertson v. Cease*, 97 U.S. 646, 648, 24 L.Ed. 1057 (1878). Citizenship requires not only "[r]esidence in fact" but also "the purpose to make the place of residence one's home." *Texas v. Florida*, 306 U.S. 398, 424, 59 S.Ct. 563, 83 L.Ed. 817 (1939). Therefore, an allegation of residency alone "does not satisfy the requirement of an allegation of citizenship." *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam).

*See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019).

Classic Americana's allegation of Adell and Lameti's residence does not satisfy the requirement of an allegation of citizenship. Classic Americana must affirmatively assert Adell and Lameti's citizenship.

Classic Americana also fails to adequately plead the citizenship of the business entity parties in this case, including its own citizenship.

As to its own citizenship, Classic Americana simply states that it is a Texas LLC. *See* Dkt. No. 33 at 1.

For diversity jurisdiction purposes "the citizenship of a[n] LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). So, to establish diversity jurisdiction, a party "must specifically allege the citizenship of every member" of the LLC. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017).

Here, to adequately plead its own citizenship, Classic Americana must provide the citizenship of each of its members. *See Harvey,* 542 F.3d at 1080.

As to the citizenship of STN.com, Inc., Classic Americana merely states that it is a dissolved Michigan corporation. *See* Dkt. No. 33 at 1. And Classic Americana entirely fails to provide any information about the citizenship of Kevin Adell/STN.com, Inc. *See id.* at 1-2.

"[A]llegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state of its incorporation."

4

*Neeley v. Bankers Tr. Co. of Tex.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985); *see also* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

But, where—as is the case here—a corporation is alleged to be inactive at the time a lawsuit is filed, its citizenship for diversity purposes is less clear. Some courts hold that an inactive corporation is a citizen only of its state of incorporation. *See, e.g. Midlantic National Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir.), *cert. dism'd*, 515 U.S. 1184 (1995). While other courts have held that the principal place of business of an inactive corporation is the place of its last business activity. *See, e.g. Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 141 (2d Cir. 1991).

In *Harris v. Black Clawson Co.*, 961 F.2d 547 (5th Cir. 1992), the Fifth Circuit Court of Appeals held that "a wholesale adoption of the 'last activity test' would appear to be at odds with the 'total activity' test." *Id.* at 551. In that case, the Fifth Circuit held that "where a corporation has been inactive in a state for a substantial period of time ... that state is not the corporation's principal place of business." *Id.* The question of "substantiality" must be decided on a case-by-case basis. *Id.* at 551 n. 10. Thus, in the Fifth Circuit, the location of an inactive corporation's last business activity and the extent of the corporation's local presence may be relevant in determining its citizenship.

5

Here, Classic Americana must provide sufficient information about STN.com Inc.'s status as an inactive corporation so that the Court can make a determination as to whether STN.com Inc.'s state of last business activity is relevant for the purposes of determining diversity of citizenship.

Classic Americana must also affirmatively assert the alleged citizenship of Kevin Adell/STN.com, Inc.

The Court therefore ORDERS Classic Americana to file no later than **June 26, 2020,** a written response to this order to show the Court it has subject matter jurisdiction over this lawsuit. In Classic Americana's written response it must provide all the necessary information regarding the parties' citizenship as required to establish diversity jurisdiction over this action.

Failure to comply with this order will result in a recommendation that the complaint be dismissed for lack of subject matter jurisdiction, under Federal Rule of Civil Procedure 12(h)(3).

SO ORDERED.

DATED: May 26, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE