IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CLASSIC AMERICANA, LLC, § § Plaintiff, § § V. § § KEVIN ADELL, RALPH LAMETI, § STN.COM, INC., AND KEVIN § ADELL/STN.COM, INC., § § Defendants. § | No. 3:19-cv-1419-S-BN |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE <u>UNITED STATES MAGISTRATE JUDGE</u>

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer. *See* Dkt. No. 29.

Defendants Kevin Adell, Ralph Lameti, STN.com, Inc., and Kevin Adell/STN.com, Inc., have filed motions to dismiss Plaintiff Classic Americana, LLC's complaint under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). *See* Dkt. Nos. 38-39 & 41-42.

Classic Americana has filed a response, *see* Dkt. Nos. 48 & 49, and Defendants have filed replies, *see* Dkt. Nos. 51 & 52.

For the reasons explained below, the Court should grant Defendants' motions to dismiss under Rule 12(b)(2) for lack of personal jurisdiction, and this case should be dismissed without prejudice and Classic Americana should be permitted to renew its claims against Defendants in a jurisdiction where personal jurisdiction over Defendants could be obtained.

## Background

This case is about a family dispute over the propriety of a mortgage and foreclosure on real property located at 43700 Expo Center Drive, Novi, Michigan 48375 (the "Property"). *See* Dkt. No. 33 at 3; *see also* Dkt. No. 42 at 6.

The Property was historically jointly held by three trusts (the "Trusts"). *See* Dkt. No. 33 at 3. The Trusts were all formed in Michigan, and collectively the Trusts formed a Michigan partnership (the "Partnership"). The Trusts' current and former beneficiaries are members of the same immediate and extended family. *See id.*

Defendant Kevin Adell ("Adell"), a Florida resident, is a former beneficiary of one of the Trusts, known as "Franklin Adell Childrens' Funded Trust" ("Franklin's Trust"). *See id.* at 3-4. Adell's cousin, Linda Fitzerman, is a Texas resident and is a former beneficiary of another one of the Trusts, known as "Marvin Adell's Childrens' Funded Trust" ("Marvin's Trust"). *See id.* at 4. Defendant Ralph Lameti, a Michigan resident, served as the trustee for Marvin's Trust. *See id.* And Defendant STN.com, Inc., is a dissolved Michigan corporation owned and operated by Adell. *See id.* at 1-2.

Classic Americana is Plaintiff in this case because Fitzerman has purportedly assigned to it her right to bring this lawsuit. *See id.* at 7.

Classic Americana alleges that, during an unrelated lawsuit in Michigan involving the Property, it was revealed that, on September 11, 2013, a mortgage in the amount of $1,121,974.81 was recorded on the Property. *See id.* at 5. Kevin Adell/STN.com, Inc. – which is alleged to be a fictitious entity – was listed as the Mortgagee. *See id.* The Partnership was listed as the mortgagor even though the

Trusts – and not the Partnership – owned the Property. Thus, Classic Americana alleges that "the mortgage had a fictional mortgagee and the wrong mortgagor." *Id.* at 6.

Classic Americana also alleges that, in the same Michigan lawsuit, Adell testified that he had not loaned any money to the Partnership and that, even if he did, it was less than the mortgage amount. *See* Dkt. No. 33 at 6.

Classic Americana alleges that, on January 27, 2015, Adell foreclosed on the Property under the name Kevin Adell/STN.com, Inc. *See id.* at 6.

Thus, Kevin Adell/STN.com, Inc. is the alleged current owner of the Property. *See id.*

Lameti is alleged to not only have been aware of all the alleged deficiencies with the mortgage and foreclosure but also to have actively conspired with and assisted Adell in acquiring the Property. *See id.*

Classic Americana alleges that Adell as CEO and Lameti as CFO are now "developing a $125 million entertainment district, known as the Adell Center, on the Novi Property." *Id.* at 3.

Separately, in 2015, Classic Americana obtained a judgment against Fitzerman in an unrelated lawsuit. *See id.* at 6. As a result of that judgment, Fitzerman "assigned to Classic Americana any causes of action she may have, as beneficiary or otherwise, arising out of Marvin's Trust." *Id.* at 7. As so Classic Americana is the plaintiff in this case.

On January 25, 2019, Classic Americana filed this action against Lameti, Adell, STN.com, Inc., and Kevin Adell/STN.com in the 160th Judicial District Court of Dallas County, Texas. *See* Dkt. No. 1-3. The case was then removed to federal court under the court's diversity jurisdiction. *See* Dkt. No. 1.

In its complaint, Classic Americana asserts causes of action for conspiracy, fraud, breach of fiduciary duty, and fraudulent transfer. *See* Dkt. No. 33

According to Classic Americana, there was no basis for the foreclosure on the Property because the mortgage was made to the Partnership and the mortgagee is a fictitious entity. *See id.* Classic Americana also alleges that the amount foreclosed upon was only a fraction of the actual value of the Property. *See id.* Classic Americana also contends that the funds provided to the Partnership for the mortgage was not provided by Kevin Adell/STN.com, Inc. *See id.*

And Classic Americana asserts that Fitzerman never received any notice of the mortgage or the foreclosure. *See id.*

Classic Americana claims that Adell and Lameti "were aware of all deficiencies, fraud, and failures to disclose relating to the mortgage and foreclosure and conspired with each other and assisted each other at each step." Dkt. No. 33 at 6.

Turning to personal jurisdiction, Classic America alleges that this Court has general and specific jurisdiction as to Lameti, and specific jurisdiction as to Adell, STN.com, Inc., and Kevin Adell/STN.com, Inc. *See id.* at 7-8.

Classic Americana asserts that general jurisdiction over Lameti is appropriate because Lameti is the trustee of Marvin's Trust, which had at least three beneficiaries, including Fitzerman, who live in Texas. *See id.* at 7. Classic Americana contends that Lameti was aware of the beneficiaries living in Texas at the time he accepted the position of trustee. *See id.* And Classic Americana alleges that Lameti communicated for years with the Texas beneficiaries while they were in Texas. *See id.* Classic America further alleges that, "on multiple occasions," Lameti sent materials to the beneficiaries living in Texas and received materials from the Texas beneficiaries. *See id.* Lameti allegedly also received payments "for years" from the Texas beneficiaries relating to property taxes. *See id.* And Classic Americana alleges that "Lameti called Michael Adell, one of the Texas Beneficiaries, on multiple occasions to discuss the Novi Property." *Id.*

Classic America also asserts that the court has specific jurisdiction over Lameti because Lameti committed a tort directed against the Texas beneficiaries. *See id.* at 8. Specifically, Classic Americana alleges that Lameti breached his fiduciary duty to Fitzerman when he failed to disclose the mortgage and foreclosure, created a mortgage with a fictitious entity and for more value than had been advanced, engaged in self-dealing, and conspired with Adell to improperly foreclose on the Property. *See id.*

Classica Americana similarly claims that the court has specific jurisdiction over Adell, STN.com, Inc., and Kevin Adell/STN.com, Inc. because collectively they

committed a tort directed at Texas residents. *See id.* Classic Americana alleges that Adell conspired with Lameti in the mortgage and foreclosure of the Property. *See id.*

Although Defendants have filed motions to dismiss Classic Americana's complaint under Rules 12(b)(2) and (6), *see* Dkt. Nos. 38-39 & 41-42, Rule 12(b)(2) provides a sufficient basis for dismissal.

## Legal Standard

When a non-resident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that this Court has jurisdiction over the nonresident. *See Monkton Ins. Servs., Ltd. v. Ritter,* 768 F.3d 429, 431 (5th Cir. 2014); *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). If the Court decides the matter without an evidentiary hearing, the plaintiff may meet its burden by presenting a prima facie case for personal jurisdiction. *See Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 592 (5th Cir. 1999); *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).

A federal district court may exercise personal jurisdiction over a non-resident defendant if (1) the long-arm statute of the forum state permits the exercise of personal jurisdiction over the defendant and (2) the exercise of jurisdiction by the forum state is consistent with due process under the United States Constitution. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009). Due process requires the satisfaction of two elements to exercise personal jurisdiction over a non-resident defendant: (1) the nonresident must have some minimum contact with the forum that results from an affirmative act on his part such that the nonresident could anticipate

being haled into the courts of the forum state and (2) it must be fair or reasonable to require the nonresident to defend the suit in the forum state. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–78 (1985); *Johnston*, 523 F.3d at 609. The Due Process Clause ensures that persons have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Burger King*, 471 U.S. at 472 (internal quotation marks omitted). Personal jurisdiction must be assessed on an individual-defendant basis. *See Rush v. Savchuk*, 444 U.S. 320, 332 (1980).

To establish minimum contacts with the forum, a non-resident defendant must do some act by which he "purposefully avails himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 474–75 (internal quotation marks omitted). But the unilateral activity of one asserting a relationship with the non-resident defendant does not satisfy this requirement. *See id.* at 474; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984). In determining whether the exercise of jurisdiction is appropriate, the United States Supreme Court has focused less on presence in the forum state as a means to establish jurisdiction and looked increasingly to whether a defendant's contacts with the forum state make it reasonable to require the defendant to defend the particular suit in that forum. *See Quill Corp. v. North Dakota*, 504 U.S. 298, 307 (1992).

Two types of personal jurisdiction may be exercised over a non-resident defendant: specific jurisdiction and general jurisdiction. Specific jurisdiction exists if the cause of action is related to, or arises out of, the defendant's contacts with the

forum state and those contacts meet the due process standard. *See J.R. Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 871 (5th Cir. 2000). "When a court exercises personal jurisdiction over a defendant based on contacts with the forum related to the particular controversy, the court is exercising 'specific jurisdiction.'" *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986) (citations omitted). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). "'First, the relationship must arise out of contacts that the 'defendant himself' creates with the forum State.'" *Id.* at 1122 (quoting *Burger King*, 471 U.S. at 475). "Second, [the] 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* (citations omitted). Specific jurisdiction is a "'claim-specific inquiry,'" so a plaintiff must establish specific jurisdiction for each claim asserted. *Dontos v. Vendomation NZ Ltd.*, 582 Fed. App'x 338, 343 (5th Cir. Sept. 16, 2014) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006)).

General jurisdiction, on the other hand, may be found when the nonresident's contacts with the forum are "continuous and systematic," even though the claim is unrelated to those contacts. *Helicopteros Nacionales*, 466 U.S. at 415–16. The Supreme Court has observed that the proper consideration when determining general jurisdiction is whether a defendant's "affiliations with the State are so continuous and systematic as to render [him] essentially at home in the forum State.'" *Daimler*

*AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)). A nonresident that merely does business with Texas businesses or customers will not be subject to general jurisdiction here unless it also has a lasting physical presence in the state. *See Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999); *see also Johnston*, 523 F.3d at 614 (general jurisdiction not conferred simply by advertising within a state or traveling to the state at regular intervals).

Under both specific and general jurisdiction analyses, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum [s]tate." *Burger King*, 471 U.S. at 474 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The "purposeful availment" requirement of the minimum contacts inquiry "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts ... or of the 'unilateral activity of another party or a third person.' " *Id.* at 475 (citations omitted). A plaintiff must establish a substantial connection between the non-resident defendant and the forum state. *See Jones v. Petty–Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1068 n.9 (5th Cir.1992).

## Analysis

I. <u>This Court lacks personal jurisdiction over Defendants.</u>

    a. <u>Neither general nor specific jurisdiction can be conferred upon Lameti.</u>

Classic Americana asserts that this Court has both general and specific personal jurisdiction over Lameti. The undersigned disagrees.

To confer general jurisdiction over a non-resident defendant, a plaintiff must establish a substantial connection between the non-resident defendant and the forum state. *Jones,* 954 F.2d at 1068 n.9. The Fifth Circuit Court of Appeals has held that

> [e]stablishing general jurisdiction is "difficult" and requires extensive contacts between a defendant and a forum. Even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required .... [V]ague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction.

*Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 102 (5th Cir. 2018) (internal citations omitted).

The critical inquiry is not whether a foreign defendant's contacts with an in-forum plaintiff are continuous and systematic, but whether the defendant's affiliations with the forum state are so continuous and systematic as to render the defendant essentially at home in the forum state. *See Frank v. PNK (Lake Charles) L.L.C.,* 947 F.3d 331, 337 (5th Cir. 2020).

Here, Lameti asserts that he is not a Texas resident. *See* Dkt. No. 39 at 15. He further states that he "has never had a home or office in Texas and does not have any bank accounts, telephone numbers, or post office boxes in Texas." *Id.* Lameti admits that, between 1982 to 1985, he did travel to Texas for work as an accountant but states that he has not regularly visited Texas since that time. *See id.*

Further, Marvin's Trust was formed in Michigan, and the only property it held was located in Michigan. *See id.* Marvin's Trust "held no real property in Texas, had no bank accounts in Texas, and had no addresses or post office boxes in Texas." *Id.*

Classic Americana asserts that this Court has general jurisdiction over Lameti because "Lameti was at relevant times a Trustee of Marvin's Trust with at least 3 beneficiaries who were residents of Texas living in Texas." Dkt. No. 49 at 8. And "Lameti was aware of the Texas Beneficiaries at the time he accepted the position of trustee of Marvin's Trust." *Id.* Classic Americana further argues for general jurisdiction over Lameti because he "communicated for years with the Texas Beneficiaries while they were in Texas" and sent and received materials to and from the Texas Beneficiaries on multiple occasions. *Id.*

The undersigned is not persuaded that the above-stated activity is so continuous and systematic as to render Lameti essentially at home in Texas. Lameti's periodic correspondence and contacts with Texas residents is not of the exceptional nature such that he could be found to be "at home" in Texas.

The Court should determine that general jurisdiction is lacking over Lameti.

And the undersigned concludes that Classic Americana's allegations regarding specific jurisdiction over Lameti are insufficient as well.

Classic Americana asserts that this Court has specific jurisdiction over Lameti because "Lameti owed duties to the Texas Beneficiaries." Dkt. No. 49 at 9. Classic Americana claims that the Court has jurisdiction over Lameti because he committed a tort directed at residents of Texas and injuring residents of Texas. *See id.*

But Classic Americana does not allege that the Texas Beneficiaries suffered injury as a result of Lameti's contacts with Texas, but rather because of his failure to

disclose information with the Texas Beneficiaries and his alleged tortious behavior that the Texas Beneficiaries felt while in Texas. *See id.*

> The Supreme Court of the United States has held that
>
> > mere injury to a forum resident is not a sufficient connection to the forum. Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State. The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.

*Walden,* 571 U.S. at 290. For there to be specific jurisdiction over a defendant, the injury sustained by a plaintiff must be a result of the defendant's deliberate contact with the forum. *See Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 194 (5th Cir. 2019).

Courts in other jurisdictions agree. In *McVickar v. Pavis-Rounds*, the United States District Court for the District of Massachusetts held that it did not have specific jurisdiction over a foreign trustee where the trustee's sole connection with the forum was that two of the trust's beneficiaries resided in Massachusetts and felt the effects of the purported breach of fiduciary duty. *See* No. 14-13566-GAO, 2015 WL 566989 (D. Mass. Feb. 11, 2015). And the United States District Court for the Southern District of New York has found that it did not have specific jurisdiction over a trustee where the trustee's only connection with New York was that the beneficiary allegedly sustained financial loss in that forum. *See Popper v. Podhragy*, 48 Fed. Supp. 2d 268 (S.D.N.Y. 1998).

Courts in several other jurisdiction have had similar findings. *See Schneider v. Cate*, 405 Fed. Supp. 2d 1254 (D. Colo. 2005) (no personal jurisdiction over out of state trustee when the only connection with forum was that the beneficiary felt the effects of the alleged tort within the forum); *Dreher v. Smithson,* 986 P.2d 721 (Or. Ct. App. 1999) (trustees did not purposefully direct their activities toward forum simply because beneficiaries resided in forum and trustees distributed checks there); *Thomas v. Thomas,* No. 14-1096-JLS, 2015 WL 12681311 (C.D. Cal. May 8, 2015) (no personal jurisdiction over foreign trustee where contacts were limited to phone, mail and e-mail communications with beneficiary).

The undersigned concludes that the Court does not have specific jurisdiction over Lameti.

> b. The Court does not have specific jurisdiction over Adell, STN.com, Inc., and Kevin Adell/STN.com, Inc.

Classic Americana also argues that the Court has specific jurisdiction over Adell, STN.com, Inc., and Kevin Adell/STN.com, Inc. because they "[c]omitted a tort directed at residents of Texas and injuring residents of Texas, in Texas." *See* Dkt. No. 49 at 9. Classic Americana alleges that, by conspiring with Lameti, creating a mortgage with a fictitious entity, and failing to disclose the mortgage and foreclosure, Defendants availed themselves to jurisdiction in this state. The undersigned disagrees.

Adell's connection with Texas is even more tenuous than Lameti's. Adell is a Florida resident and does not conduct business within Texas. *See* Dkt. No. 42 at 10.

And, unlike Lameti, Adell is not a trustee of a trust with Texas beneficiaries and in fact "cannot recall ever visiting Texas for any business-related purpose, and he never traveled to Texas for any purpose related in any way to Classic Americana, Fitzerman, Marvin's Trust, or the Property." *Id.*

The fact that Adell allegedly committed a tort in in Michigan and its effects were felt in Texas is not enough to establish the required minimum contact with Texas so that Adell would expect to be haled into a Texas court. For the reasons already explained with regard to specific jurisdiction over Lameti, this Court does not have personal jurisdiction over Adell, STN.com, Inc., or Kevin Adell/STN.com, Inc.

II.     Discovery on personal jurisdiction is not warranted.

When seeking discovery on personal jurisdiction, a plaintiff must make a "preliminary showing of jurisdiction" before being entitled to such discovery. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). The decision to allow jurisdictional discovery is within the district court's discretion. *See id.* at 419. "[D]iscovery on matters of personal jurisdiction need not be permitted unless the motion to dismiss raises issues of fact. When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Kelly v. Syria Shell Petroleum Dev. B.V.,* 213 F.3d 841, 855 (5th Cir. 2000) (citation omitted).

A plaintiff seeking discovery on matters of personal jurisdiction is expected to identify the discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction. *See Mello Hielo Ice, Ltd. v. Ice Cold Vending LLC*, No. 4:ll-cv-629-A, 2012 WL 104980, at *7 (N.D. Tex. Jan. 11, 2012)

(citing *Kelly*, 213 F.3d at 855). A court is entitled to deny leave to conduct jurisdictional discovery where the movant fails to specify what facts it believes discovery would uncover and how those facts would support personal jurisdiction. *See id.*; *see also King v. Hawgwild Air, LLC*, No. 3:08-cv-153-L, 2008 WL 2620099, at *8 (N.D. Tex. June 27, 2008).

Here, in Classic Americana's complaint and its Rule 12(b)(2) response and motion for jurisdictional discovery, it alleges that personal jurisdiction exists over Lameti and Adell because of conduct engaged in Michigan that was felt by beneficiaries in Texas. *See* Dkt. No. 1-3 & 49. In Classic Americana's motion for jurisdictional discovery, it asserts that

> limited jurisdictional discovery would expand upon or confirm at least the following:
>
> i. Lameti and Adell were aware that Linda and at least two other beneficiaries of Marvin's Trust were Texas residents at all relevant times and thus Lameti was a trustee with multiple beneficiaries living in Texas;
>
> ii. Lameti communicated over an extended period of time with the Texas beneficiaries and received payments from Texas beneficiaries to pay property taxes on the Novi Property; and
>
> iii. Adell talked to at least one of the Texas beneficiaries, while that beneficiary was in Texas, regarding the Novi Property yet never disclosed the sham mortgage and foreclosure; and
>
> iv. The extent and substance of communications referenced above.

Dkt. No. 49 at 12.

Classic Americana identifies no specific facts that are in dispute and fails to explain how any of the above information, if obtained, would further support personal jurisdiction. Classic Americana has already alleged facts to support points i-iv above,

and the undersigned is not persuaded that any of those facts are sufficient to support personal jurisdiction over Defendants. Further discovery on the matter would not resolve those deficiencies.

Plaintiff has failed to adequately support its request for jurisdictional discovery. *See Northview Christian Church, Inc. v. Monolithic Constructors, Inc.,* No. 3:09-cv-655-M, 2010 WL 2812849, at *3 (N.D. Tex. July 13, 2010) (denying request for jurisdictional discovery where a plaintiff "does not describe … how it would produce information that would support personal jurisdiction over the" defendants). Accordingly, the undersigned recommends that Classic Americana's motion be denied.

## Recommendation

The Court should grant Defendants' motions to dismiss. *See* Dkt. Nos. 38-39 & 41-42. And the Court should deny Classic Americana's motion for jurisdictional discovery. *See* Dkt. No. 49.

Classic Americana's claims against Kevin Adell, Ralph Lameti, STN.com, Inc., and Kevin Adell/STN.com, Inc., should be dismissed without prejudice to its right to renew its claims against Defendants in a jurisdiction where personal jurisdiction over Defendants could be obtained.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 28, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE